UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA ORTIZ | : | |
|     Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:08CV1522 (PCD) |
| | : | |
| JOHN BROWNE, | : | |
|     Defendant. | : | |

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff brings this action for Intentional Infliction of Emotional Distress pursuant to Connecticut Common Law, along with claims that Defendant violated Plaintiff's First Amendment rights to peaceful assembly and association. [Doc. No. 1]. On November 26, 2008, Defendant John Browne filed a Motion to Dismiss Plaintiff's First Amendment claims pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure [Doc. No. 11]. For the reasons stated herein, this motion is **granted.**

### I.    BACKGROUND

Plaintiff is a citizen of the United States who resides in Danbury, Connecticut. (Compl. ¶ 3.) Defendant is a Lieutenant in the Danbury Police Department, sued in his individual capacity. Plaintiff claims that Defendant was acting in his capacity as a police officer at the time of the event that is the subject of this action. (Id. ¶¶ 4-5.)

According to the complaint, at approximately 11:00 P.M. on September 5, 2008, Plaintiff was a paying customer at the "Starbucks Restaurant" on Mill Plain Road in Danbury, Connecticut. (Id. ¶ 6.) Plaintiff alleges that Defendant shouted, screamed, and spit at Plaintiff,

ordering her to leave the premises. Plaintiff submits that she was forced to leave the area in fear. (Id. ¶¶ 7-9.)

## II.     STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

**III.     DISCUSSION**

Defendant is correct in its submission that Plaintiff fails to state a claim for which relief can be granted.  Plaintiff argues that Defendant violated her First Amendment right to assemble and her First Amendment right to associate.  However, Plaintiff alleges that the violation occurred in a Starbucks.  Starbucks is a private restaurant, described as a sidewalk café, presumably located in a shopping center or strip.  The law is clear that malls, restaurants, and shopping plazas are not "public places" within the meaning of the First Amendment.  Therefore, Defendant could not have violated either Plaintiff's right to assemble or to associate by ordering her to leave Starbucks.

Unless there is dedication of a privately owned and operated shopping center or restaurant to public use, there is no entitlement to exercise First Amendment rights on the premises if they are unrelated to the center's operations.  Lloyd Corp., Limited v. Tanner, 407 U.S. 551, 551 (1972)[1]; Hudgens v. NLRB, 424 U.S. 507, 507 (1976).  "Related to the operations" does not mean normal use of the private business, i.e. buying coffee at a café. "Related to the operations" refers to the type of activity involved in Amalgamated, protests or expression referring to specific practices of the establishment.

Starbucks cafes are clearly private property.  Property does not "lose its private character merely because the public is generally invited to use it for designated purposes. Few would argue that a free-standing store, with abutting parking space for customers, assumes significant public attributes merely because the public is invited to shop there." Id. at 570.  The facts of this

---

[1]In upholding a shopping center's general ban on handbilling, Lloyd distinguished and cabined Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed. 2d 603 (1968).  In Amalgamated, the activity, a protest of the center's labor practices, was protected only because it related to the center's operations.

case give no indication that there was a "dedication of [Starbuck's] privately owned and operated" café to public use, which would entitle Plaintiff to exercise therein the asserted First Amendment rights. Id.

Furthermore, a court in this district found that even a police officer could not violate a plaintiff's First Amendment rights by evicting plaintiff from a mall, as the First Amendment does not establish that a right to associate on private property. Myers v. Township of Trumbull, 2004 WL 904088 at *3 (D. Conn. April 25, 2004).

### IV.    CONCLUSION

For the foregoing reasons, Defendant John Browne's Motion to Dismiss [Doc. No. 11] is **granted.** The case will move forward on Plaintiff's claim for Intentional Infliction of Emotional Distress.

SO ORDERED.

Dated at New Haven, Connecticut, this  7th  day of April, 2009.

                                        /s/
                                Peter C. Dorsey, U.S. District Judge
                                United States District Court