UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA ORTIZ | : | |
|     Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:08CV1522 (PCD) |
| | : | |
| JOHN BROWNE, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this action for Intentional Infliction of Emotional Distress pursuant to Connecticut Common Law, along with claims that Defendant violated Plaintiff's First Amendment rights to peaceful assembly and association [Doc. No. 1]. On April 7, 2009, this Court granted Defendant John Browne's Motion to Dismiss Plaintiff's First Amendment claims [Doc. No. 13]. On August 10, 2009, Defendant Moved for Summary Judgment pursuant to Fed. R. Civ. P. (56)(c) [Doc. No. 24]. For the reasons stated herein, this motion is **granted.**

I.   BACKGROUND

Plaintiff, Jessica Ortiz, is a citizen of the United States who resides in Danbury, Connecticut. (Compl. ¶ 3.) Defendant, John Brown, is a Lieutenant in the Danbury Police Department, sued in his individual capacity. Lieutenant Brown also has private duty job policing the parking lot of the Mill Plain Road plaza in Danbury, Connecticut. At approximately 11pm on September 5, 2008, Plaintiff bought a coffee from the Starbucks coffee shop in said plaza and took her drink outside to smoke a cigarette. (Ortiz Dep. at 11.)

A group of about seven people had congregated outside Starbucks. (Id. at 13.) Defendant drove up to the group in a white Ford Explorer, wearing his police uniform. (Id. at 12.) From his

1

vehicle, Defendant told the group to "get out, everybody get out." (Id.)  When only one person in the group left, Defendant exited his vehicle and said "everyone, I want you either out or get in." (Id. at 14.)  Plaintiff told Defendant that she could not go back inside because she was smoking. (Id. at 18.)  Defendant responded that she should "duck [the cigarette] out and get inside or leave." (Id.)

Plaintiff went inside and spoke to a Starbucks employee who said that she could remain outside because she was a paying customer.  Defendant then also went inside and reported back to Plaintiff that the Starbucks employee had told him otherwise.  Plaintiff returned inside and was told for a second time that she could stay outside. (Id. at 23.)  According to Plaintiff, when she again stepped outside Defendant screamed at her "so badly" and yelled at her while standing inches from her face.  "He was close enough to - - when he was screaming at me, saliva hit my right side of my check." (Id. at 24.)  Even according to Plaintiff, however, Defendant did not intentionally spit at her.  He just "lost some saliva." (Id.)

Plaintiff claims she was frightened and humiliated.  She had trouble sleeping that night (Id. at 32) but took no action until September 9th.  She then saw an internist to complain of difficulty sleeping.  The Doctor gave her a sample pack of prescription sleep medication. Plaintiff took one sleeping pill from the pack each night for about a week. (Id. at 34-36).  No other medical treatment was necessary and the incident did not affect Plaintiff's work or personal relationships. (Id. at 44.)

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

2

of law." FED. R. CIV. P. 56(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).  The moving party bears the burden of establishing that summary judgment is appropriate. Anderson, 477 U.S. at 225.  "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).  Determinations of the weight to accord evidence or assessments of the credibility of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996).  "If reasonable minds could differ as to the import of the evidence . . . and if . . . there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." R.B.

3

Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal citations omitted); see also Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000) ("When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.").

### III. DISCUSSION

To succeed on a claim for intentional infliction of emotional distress Plaintiff must show: "i) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; ii) that the conduct was extreme and outrageous; iii) that the defendant's conduct was the cause of the plaintiff's distress; and iv) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 510 A.2d 1337, 1342 (Conn. 1986).

The essential element of the claim is whether the alleged conduct is considered "outrageous" according to the standards of a civilized community. "Only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" will the second prong of the test for intentional infliction of emotional distress be satisfied. Appleton v. Bd. of Ed. of Town of Stonington, 757 A.2d 1059, 1062-63 (Conn. 2000).

Here, there is simply no behavior, even as alleged, that a rational trier of fact could find satisfies the legal definition of intentional infliction of emotional distress. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). In opposition to the motion, Plaintiff cites a litany of cases in which Connecticut Courts have found a defendant's conduct extreme and outrageous. However, not one of these cases cites facts similar to the case at hand. This is not surprising, as Defendant's alleged behavior simply is not extreme and outrageous.

4

A police officer or security guard telling a woman in a parking lot to either leave or go back inside the store is far from outrageous.  Defendant was hired to police the area and to disperse loiterers.  Although Defendant might have made a mistake while carrying out his duties, as Plaintiff apparently had permission to remain in the plaza, he conducted himself in accordance with his instructions, training, and experience. (Brown Aff. ¶ 10.)  Most people make mistakes on the job at some time or another.  Mistaking a paying customer for a loiterer is hardly conduct that can form the basis of a claim for intentional infliction of emotional distress.

The crux of Plaintiff's claim is that Defendant yelled at her and stood so close that saliva reached her face.  Although this behavior might have been hurtful, or even caused Plaintiff fear, "conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appleton, 757 A.2d at 1062 (citing Mellaly v. Eastman Kodak Co., 597 A.2d 846, 847 (Conn. Super. Ct. 1991); see also Carnemolla v. Walsh, 815 A.2d 1251, 1260 (Conn. App. Ct. 2003).  Yelling at close range is impolite and having spittle reach your face is unpleasant.  However, neither is outside the bounds of conduct tolerated by society.  No reasonable juror could find Defendant's conduct extreme and outrageous.  Furthermore, although it is not necessary to address the other elements of the claim, it is worth nothing that Plaintiff did not suffer from severe emotional distress.  A few nights of difficult sleep without other lasting effects is far from severe.

### IV.     CONCLUSION

For the foregoing reasons, Defendant John Browne's Motion for Summary Judgment [Doc. No. 24] is **granted.**   The clerk shall close the case.

SO ORDERED.

5

Dated at New Haven, Connecticut, this  4th  day of February, 2010.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court